UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------- X
ARACRUZ TRADING, LTD.           :     Civil Case No.
                                :
        Plaintiff               :
                                :
    vs                          :     ADMIRALTY
                                :
KOLMAR GROUP AG                 :
                                :
        Defendant               :
---------------------------------------- X

## VERIFIED COMPLAINT WITH PRAYER FOR PROCESS OF MARITIME ATTACHENT AND GARNISHMENT

Plaintiff ARACRUZ TRADING, LTD. ("ARACRUZ" or "Plaintiff") submits this, its Verified Complaint against KOLMAR GROUP AG ("KOLMAR GROUP" or "Defendant") a foreign corporation, and for its claim avers and pleads as follows.

### PARTIES, JURISDICTION, AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and falls under this Courts admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2. Plaintiff brings this action to obtain security for a maritime claim pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"), seeking an order and writ of attachment over property of Defendant, including but not limited to the shares of stock owned by the Defendant in the Defendants wholly owned subsidiary Kolmar Americas, Inc. ("KOLMAR AMERICAS" or "Garnishee") and any credits or effects of Defendant in the hands of the Garnishee, including but not limited to accounts, debts, dividends, contractual rights, and any

intangible property whatsoever of Defendant in the hands of the Garnishee up to the amount claimed hereunder.

3. At all times material hereto, Plaintiff is and was a business entity organized under the laws of the Republic of the Marshall Islands, and was the registered owner of the Liquid Petroleum Gas Carrier ("LPG/C") vessel GAS MOXIE, a ship registered in the Republic of the Marshall Islands.

4. At all times material hereto, Defendant is and was a foreign company organized and operating under the laws of Switzerland, with its principal place of business at Metalli Baarerstrasse 18, 6300 Zug, Switzerland.

5. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 because this action arises from a maritime contract – *i.e.,* a charter party in respect of earned demurrage, which is due and owing and which Defendant has failed to pay.

## THE CLAIM OF ARACRUZ AGAINST KOLMAR GROUP

6. On August 30, 2012, Plaintiff as owner of the GAS MOXIE, and Defendant, as charterer, entered into a contract in an amended ASBATANKVOY charter party form (hereinafter "the Charter") for the carriage of a cargo of Butadiene from the port of Haldia, India to named ports of the People's Republic of China, against an agreed freight and an agreed rate of demurrage. *A working copy of the Charter, together with its Rider clauses and the vessel particulars form appertaining thereto describing the GAS MOXIE, is hereto attached as **EXHIBIT 1**.*

7. The GAS MOXIE prosecuted her contract voyage, loading her cargo at Haldia, India and discharging it at the Chinese ports of Jiangyin and Tianjin. As a result

of demurrage events contemplated under the Charter, demurrage in the total amount of $785,727.00 was incurred, which was duly invoiced by Plaintiff to Defendant on January 14, 2013. *A copy of the invoice is hereto attached as **EXHIBIT 2**.*

8. Defendant failed to pay the full amount of the invoiced demurrage, and made only a partial payment of $409,000, leaving an unpaid balance of $376,727.

9. In addition to the demurrage incurred, Plaintiff at the respective discharge ports incurred: (1) extra and additional port expenses in the amount of $66,696.64 over and above the amount of port expenses that would have been incurred but for the extraordinary delay to the discharge of the vessel; (2) surveyor fees relating to the sampling and analysis of the cargo, which are items not included in the ordinary and necessary expenses of a voyage charter party in the amount of $3,400. Plaintiff claims both of the said amounts from the Defendant as damages under the Charter in addition to the unpaid demurrage. *A copy of the invoice for the additional port expenses is attached hereto as **EXHIBIT 3**.*

10. To enforce its contractual right to receive payment in full of the outstanding demurrage, Plaintiff commenced arbitration in London as provided under clauses K and 24 of the Charter (*See* EXHIBIT 1).

11. The Charter, under clause 24, provides that arbitration awards made "in pursuance to this clause may include costs, including a reasonable allowance for attorneys fees."

12. As best as can now be estimated, Plaintiff expects to recover an arbitration award up to the full amount of its claim – *i.e.* $446,823.64, together with interest, costs, and attorney fees.

## APPLICATION FOR ATTACHMENT UNDER
## SUPPLEMENTAL ADMIRALTY RULE B

13. Defendant KOLMAR GROUP is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Law Claims and Asset Forfeiture Actions. *See Attorney Declaration attached hereto as **EXHIBIT 4**.* Notwithstanding, the Defendant has within the District tangible or intangible personal property in the hands of a party, present in the forum, who may be named garnishee in the process of maritime attachment and garnishment, said property consisting of debts, credits, or effects that may include, without limitation: shares of stock (or any option, right, or interest therein); equity interests; loan obligations; accounts payable; dividends payable; payments held or which may be receivable by and/or payable to the said garnishee on behalf and or for the benefit of the said Defendant.

14. More particularly, Defendant's subsidiary and debtor KOLMAR AMERICAS is incorporated in this state, is a Delaware Corporation, and has as its registered agent National Corporate Services, Inc. of 203 NE Front St., Suite 101, Milford, Delaware 19963. *See copy of the publicly available online electronic record maintained by the Delaware Division of Corporations, hereto attached as **EXHIBIT 5**.*

15. According to public filings, KOLMAR AMERICAS is 100% owned by KOLMAR GROUP, which is its "corporate parent". *See court filings in other actions in which these representations are made, hereto attached as **EXHIBIT 6**.*

16. By virtue of its status as shareholder of KOLMAR AMERICAS, Defendant should be entitled to receive its proportionate share of dividends declared by the KOLMAR AMERICAS.

PBH417494.1

17. KOLMAR AMERICAS is described by Defendant in its own corporate website as one of three main business hubs from which its worldwide operations are controlled (*see page extract from Defendant's website hereto attached as **EXHIBIT 7***).

18. Plaintiff has maritime claims against the Defendant arising out of maritime contracts as pled in the foregoing.

19. The amount of Plaintiff's claim as reasonably as it can be estimated is as follows:

    A. Unpaid demurrage due and owing......................$ 446,823.64

    B. Interest (at the rate of 6%) on the outstanding amount of unpaid demurrage (2 years on principal amount compounded quarterly)................................$ 56,519.88

    C. Attorney fees and arbitration costs....................$ 100.000.00

    TOTAL                                                   $ 603,343.52

19. Therefore, Plaintiff's total claim for breach of the maritime contract against Defendant is in the aggregate sum of **$603,343.52**.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

    A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Complaint;

    B. That if Defendant cannot be found within this district, then all of its personal property in the hands of garnishees served in this district -- consisting of debts, credits, or effects, including but not limited to: shares of stock (or any options, rights, or interest therein) that Defendant has in any corporate entities named garnishees in the

PBH417494.1

Process of Maritime Attachment and Garnishment; and also any debts, whether or not same have matured, owing to the said Defendant by such garnishees; and any accounts, checks, payments, transfers, and any other tangible or intangible property whatsoever of which Defendant is beneficiary, in the hands of garnishees named in the Process of Maritime Attachment and Garnishment -- be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims.

C. That a judgment be entered against the Defendant in the sum of $603,343.52 and the proceeds of the assets attached be applied in satisfaction thereof;

D. That the Court grant such other and further relief as it deems, just, equitable and proper.

> Respectfully submitted,
>
> PALMER BIEZUP & HENDERSON LLP
>
> By: /s/ Michael B. McCauley
> Michael B. McCauley (ID 2416)
> 1223 Foulk Road
> Wilmington, DE 19803
> Phone: (302) 594-0895
> Fax: (302) 478-7625
> mccauley@pbh.com
> Attorneys for Defendant

Dated: November 8, 2013

*Of counsel:*

George A. Gaitas
(*pro hac vice application forthcoming*)
7210 Tickner Street
Houston, Texas 77055
Telephone: 713-936-2427
Facsimile: 713-782-5274

PBH417494.1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------- X
ARACRUZ TRADING, LTD.       :     Civil Case No.
                            :
            Plaintiff       :
                            :
      vs                    :
                            :
KOLMAR GROUP AG             :
                            :
            Defendant       :
---------------------------------------------- X

## VERIFICATION

I, Despoina Bacha, pursuant to Section 1746 of Title 28 of the United States Code, hereby declare and say the following under penalty of perjury:

1. I am the authorized representative of the above captioned Plaintiff, ARACRUZ TRADING LTD., and I am duly authorized to make this Declaration on its behalf.

2. I have read the above and foregoing Original Verified Complaint and the allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Signed in Athens, Greece
30th October, 2013

                                                Representative of ARACRUZ TRADING LTD.